**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>RAUF ISNAIL SCOTT,<br>Defendant. | Case No. 3:20-cr-00066-SLG-MMS |

## ORDER ON MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Before the Court at Docket 91 is Defendant Rauf Isnail Scott's Motion Requesting Early Termination of Probation.[1] The Government did not file a response. At Docket 95, the U.S. Probation Office for the District of Alaska prepared a memorandum indicating that the Probation Office does not support early termination of supervised release.

On February 22, 2022, this Court sentenced Mr. Scott to 51 months' imprisonment and five years of supervised release after he pled guilty to drug and firearm offenses.[2] On February 1, 2024, Mr. Scott's term of imprisonment was reduced to time served.[3] That same day, Mr. Scott began his term of supervised

[1] Mr. Scott is not on probation; he is on supervised release.

[2] Docket 77 at 1-3.

[3] Docket 80.

release.[4] Mr. Scott's term of supervised release is set to expire on January 31, 2029.[5]

Pursuant to 18 U.S.C. § 3583(e), a court may

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

A district court may only terminate supervised release after considering the factors in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[6] Those factors are the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with training, care, or correctional treatment; the sentencing range established by the United States Sentencing Guidelines and pertinent policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution.

The Introductory Commentary to United States Sentencing Guideline Part D provides that a court should conduct an individualized assessment when determining whether to impose a term of supervised release and, if one is imposed, the appropriate length of supervised release and its terms. With an individualized

[4] Docket 95 (SEALED) at 1.

[5] Docket 95 (SEALED) at 1.

[6] 18 U.S.C. § 3583(e).

assessment, a "court can 'assure that [those] who will need post-release supervision will receive it' while 'prevent[ing] probation system resources from being wasted on supervisory services for releasees who do not need them.'"[7] Federal Rule of Criminal Procedure 32.1 provides the procedural mechanism for modifying terms of supervised release.

Mr. Scott contends that the Court should terminate his supervised release term early because he has "met all probation requirements, with the exception of maintaining gainful employment, due to a medical condition," and he hopes to travel to New York and Texas to visit his family and on short notice because his grandmother is unwell.[8]

The Probation Office memorandum states that since Mr. Scott commenced supervised release, there has been only one instance of his non-compliance with a condition of supervised release when Mr. Scott failed to report for a drug test on August 13, 2024.[9] The Probation Office also notes that Mr. Scott is presently excused from the employment requirement due to Mr. Scott's pending disability claim.[10] However, the Probation Officer states that he does not support early termination of supervised release because Mr. Scott's criminal history elevates his

---

[7] U.S. Sent'g Comm'n Guidelines Manual Ch.5, Pt.D, intro. comment. (Nov. 2025) (quoting S. Rep. No. 98-225, at 54 (1983)).

[8] Docket 91 at 1-2; *see also* Docket 92-1 at ¶¶ 3-7.

[9] Docket 95 (SEALED) at 1.

[10] Docket 95 (SEALED) at 1.

risk to public safety and the Guide to Judiciary Policy states that early terminations should not be recommended for individuals presenting an identified risk to community safety.[11]

The Court has considered the applicable § 3553(a) factors. The Court finds that while Mr. Scott has largely complied with the terms of supervised release, with only one missed drug test appointment, the nature and circumstances of Mr. Scott's offense, his criminal history, and the need to protect the public, weigh against terminating Mr. Scott's term of supervised release at this time.

Therefore, Mr. Scott's Motion for Early Termination of Supervised Release at Docket 91 is **DENIED**.

DATED this 14th day of September 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

[11] Docket 95 (SEALED) at 1.